IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 06-14 Erie |
| ) | |
| EDWARD O. BURKHART ) | |

## ORDER

Presently before the Court is the government's motion for reconsideration (Doc. 17) of our Amended Order dated June 29, 2006 granting Defendant's Motion to Compel with certain limitations. In its motion for reconsideration the government points out that the "Adam Walsh Child Protection and Safety Act of 2006," PL 109-248, H.R. 4472, signed into law on July 27, 2006, and effective that same day, effectively resolves the discovery issue presented in Defendant's motion to compel in favor of the government.

Specifically, Section 504 of the Act, entitled "Prevention of Distribution of Child Pornography Used as Evidence in Prosecutions," reads as follows:

Section 3509 of title 18, United States Code, is amended by adding at the end the following:

'(m) Prohibition on Reproduction of Child Pornography-

'(1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) must remain in the care, custody, and control of either the Government or the court.

'(2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
'
(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.'

120 STAT. 587.

In light of this new law, our Order compelling the government to turn over a mirror image computer hard drive to the Defendant must be vacated.

Defendant has filed a response arguing that the above-cited law is not retroactive and does not preempt our Amended Order dated June 29, 2006.  We disagree.  We see no reason why this new rule of discovery should not be applicable to a case pending at the time of the effective date and at a stage before pretrial motions have been filed.

Defendant also argues that the contents of the hard drive at issue cannot be made reasonably available to defendant because the defense expert is located far from this jurisdiction and thus will entail substantial, unreasonable, and undue expense.  However, the relevant standard does not consider expense or location of the expert as factors to consider when determining whether the material is reasonably available to a defendant.  Instead the law provides that "property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial."  There is no indication that the government will not comply with this directive.

Therefore, the following Order is entered.

AND NOW, to-wit, this  19th  day of  August , 2006 , it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The government's Motion for Reconsideration (Doc. 17) be and hereby is GRANTED

2. Upon reconsideration of the Court's Amended Order dated June 29, 2006 (Doc. 16), said Order granting the Defendant's motion to compel is hereby VACATED in light of new law, except that part of the Amended Order that extended the time Defendant has to file pretrial motions until September 27, 2006.

3. The Defendant's Motion to Compel (Doc. 11) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   counsel of record